IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

ROBERT WILLIE JOHNSON,       :
     Plaintiff               :        **No. 1:26-cv-01737**
                         :
        v.                :        **(Judge Kane)**
                         :
FMC DEVENS, et al.,          :
     Defendants        :

## MEMORANDUM

Currently before the Court is pro se Plaintiff Robert Willie Johnson ("Johnson")'s

complaint.  For the reasons stated below, the Court will transfer this action to the United States

District Court for the District of Massachusetts.

I.      **BACKGROUND**

Johnson, a federal pretrial detainee currently confined at Federal Medical Center Devens

("FMC Devens") in Ayer, Massachusetts,[1] commenced the instant action by filing a complaint

that the Clerk of Court docketed on June 23, 2026.[2]  (Doc. No. 1.)  Johnson names as

Defendants: (1) FMC Devens; (2) the Federal Bureau of Prisons ("BOP"); (3) FMC Devens

Correctional Officer Mr. Ford ("Ford"); (4) an unknown FMC Devens Correctional Officer

("Unknown CO"); (5) FMC Devens Psychologists Kissin ("Kissin"), Connors-Beron ("Connors-

---

[1]  Although Johnson does not identify his incarceration status in his complaint, the Court recently issued a Memorandum and Order dismissing a petition for a writ of habeas corpus he filed at the same time he filed his complaint in this case. See Johnson v. Fed. Med. Ctr. Devens, No. 26-cv-01738, ECF Nos. 4, 5.  In the Court's Memorandum, the Court discussed information from Johnson's underlying criminal case showing that he is a federal pretrial detainee currently confined at FMC Devens for psychiatric examination, evaluation, and treatment. See id., ECF No. 4 at 1–2.

[2]  Johnson neither paid the fee nor applied for leave to proceed in forma pauperis when he filed his complaint; as such, an Administrative Order issued requiring him to either remit the fee or file an application for leave to proceed in forma pauperis within 30 days or risk dismissal of this action. See (Doc. No. 3).

Beron"), and Hamilton ("Hamilton"); and (6) Dean J. Cutillar, a doctor at FMC Devens.  See (id. at 1).

Johnson alleges three claims in his complaint, which he asserts are based on the Racketeer Influenced and Corrupt Organizations Act and "drug[-]related seizure of property[,] 21 U.S.C. § 881."  See (id. at 2 (cleaned up)).  First, he alleges that while confined at FMC Devens on June 15, 2026, the Unknown CO delivered "opened and copied legal mail" to him.  See (id. at 2).  Johnson would not sign for this mail.  See (id.).  Second, Johnson alleges that Ford failed to timely mail Johnson's "legal mail responses to courts from April 2026 to May 2026," resulting in his "legal matters" being dismissed.  See (id.).  Third, and finally, Johnson asserts that FMC Devens, the BOP, Kissin, Connors-Beron, Hamilton, and Dr. Cutillar "are falsifying mental health records and other records to declare [him] incompetent to stand trial and to keep [him] detained without warrants and or [sic] indictments."  See (id.).  For relief, Johnson seeks his release from custody, dismissal of his criminal "complaints," orders terminating Defendants' employment, civil investigations, $100 million in punitive damages, and $500 million in "[p]utative [d]amages."  See (id. at 3).

## II.    DISCUSSION

This Court must "review . . . a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity."  See 28 U.S.C. § 1915A(a).  Based on the Court's review of Johnson's complaint in this case, it is plainly apparent that, inter alia, this District is not the proper venue for this case.  Therefore, the Court will transfer this action to an appropriate venue.

As indicated above, Johnson asserts claims against individual Defendants who are alleged to be "officer[s] or employee[s] of the United States."  See 28 U.S.C. § 1391(e); (Doc. No. 1 at 1).  Thus, venue lies:

> in any judicial district in which (A) a defendant in the action resides, (B) a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (C) the plaintiff resides if no real property is involved in the action.

See 28 U.S.C. § 1391(e)(1).

Here, Johnson does not allege that he or the individual Defendants reside in this District (or in Pennsylvania), see (Doc. No. 1 at 1), none of the events described in the complaint allegedly occurred in this District (or in Pennsylvania), see (id. at 2), and this action does not involve property.  See (id.).  Instead, Johnson identifies Defendants located in Massachusetts and describes events which allegedly occurred at FMC Devens in Massachusetts.  See (id.).  As such, Johnson has brought his civil action in the wrong venue.  See 28 U.S.C. § 1391(e).

Under the circumstances presented here, the Court may, inter alia, transfer the action to the proper venue.  See 28 U.S.C. § 1406(a) ("The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."); Danziger & De Llano, LLP v. Morgan Verkamp LLC, 948 F.3d 124, 132 (3d Cir. 2020) (explaining that a district court "may transfer a case at the parties' request or sua sponte"); Decker v. Dyson, 165 F. App'x 951, 954 n.3 (3d Cir. 2006) (unpublished) ("Under 28 U.S.C. § 1406(a), a district court, upon a motion or sua sponte, may transfer a case to a court of proper jurisdiction when such a transfer is in the interest of justice.").  "Transferring the action avoids any prejudice to the pro se plaintiff that may result from dismissing the action on the grounds of

venue." Burton v. Craig, No. 23-cv-00539, 2023 WL 11884734, at * (M.D. Pa. Oct. 4, 2023),

report and recommendation adopted, 2023 WL 11884697 (M.D. Pa. Dec. 18, 2023).

Johnson, as well as all the individual Defendants, are allegedly located in Massachusetts,

and the events at issue allegedly occurred in Massachusetts. As such, considering that Johnson is

proceeding pro se and is currently undergoing psychiatric treatment at FMC Devens, the Court

finds that it is in the interest of justice to transfer this case to the United States District Court for

the District of Massachusetts. See 28 U.S.C. § 101 ("Massachusetts constitutes one judicial

district.").[3]

## III.    CONCLUSION

For the reasons stated above, the Court will transfer this action to the United States

District Court for the District of Massachusetts and direct the Clerk of Court to close this case.

An appropriate Order follows.

s/ Yvette Kane
Yvette Kane, District Judge
United States District Court
Middle District of Pennsylvania

---

[3] It also appears that this Court lacks personal jurisdiction over the individual Defendants and could transfer the action (at least as to those Defendants) to the District of Massachusetts on that basis as well. See 28 U.S.C. § 1631 ("Whenever a civil action is filed in a court as defined in section 610 of this title . . . and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action . . . to any other such court . . . in which the action . . . could have been brought at the time it was filed . . . .").